Sara Petersen Graves, Bar No. 226766
spetersengraves@be-law.com
Clark S. Stone, Bar No. 202123
cstone@be-law.com
BERGESON, LLP
2033 Gateway Place, Suite 300
San Jose, CA 95110-3715
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Wendy C. Larson, Bar No. 235037
wlarson@pirkeybarber.com
Alexandra H. Bistline (*pro hac admission pending*)
abistline@pirkeybarber.com
PIRKEY BARBER LLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
Telephone: (512) 322-5200
Facsimile: (512) 322-5201

Attorneys for Plaintiff
ITALENT CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITALENT CORPORATION,<br><br>            Plaintiff,<br><br>    vs.<br><br>ITALENT, LLC,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT FOR SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION UNDER FEDERAL AND CALIFORNIA LAW, AND SERVICE MARK DILUTION UNDER CALIFORNIA LAW**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff iTalent Corporation ("Plaintiff" or "iTalent Corporation"), by and through its counsel, bringing this action against Defendant iTalent, LLC ("Defendant"), alleging as follows:

**JURISDICTION**

1. This is an action for service mark infringement and unfair competition under the trademark act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); unfair competition and service mark dilution under the California Business and Professions Code; and service mark infringement under California common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; pursuant to Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338; and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. The Matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**INTRADISTRICT ASSIGNMENT**

4. This is a trademark case subject to district-wide assignment pursuant to Civil L.R. 3-2(c).

**PARTIES**

5. Plaintiff, iTalent Corporation ("Plaintiff" or "iTalent Corporation"), is a California corporation with a principal place of business at 27 Devine Street, Suite 20, San Jose, California 95011.

6. On information and belief, Defendant, iTalent, LLC ("Defendant"), is a Maryland limited liability company with a principal place of business at 2701 Troy Center Drive Suite 460, Troy, Michigan 48084.

/ / /

/ / /

# FACTS

## A. PLAINTIFF AND ITS SERVICE MARK

7. Plaintiff owns the mark and trade name ITALENT (the "ITALENT Mark"). Plaintiff commenced use of the ITALENT Mark in commerce at least as early as 2005. Since that time, Plaintiff has continuously used the ITALENT Mark in commerce.

8. In connection with its ITALENT Mark, Plaintiff offers, among other services, information technology consultation services and professional staffing and recruiting services to businesses and consumers across the nation.

9. As part of the staffing and recruiting services offered by Plaintiff, Plaintiff works with businesses and job seekers to fill project-based positions, direct-hire positions, long-term staffing positions, and contract-to-permanent positions.

10. Plaintiff has developed significant goodwill in its ITALENT Mark and has established an excellent business reputation, including in California and numerous other states across the country. Indeed, the ITALENT Mark is widely recognized by the general consuming public of this state, or by a geographic area of this state, as a designation of source of Plaintiff's services.

11. In addition to the wide recognition and goodwill iTalent Corporation has developed in the ITALENT Mark in California, iTalent Corporation has developed significant goodwill in the ITALENT Mark nationwide. Indeed, iTalent Corporation, its services, and its employees have won numerous national and global industry awards, including a 2014 International Gold Award from the Best in Biz Awards, and Gold, Silver, and Bronze Stevie and Asia-Pacific Stevie Awards in various categories.

12. Plaintiff advertises its services offered under the ITALENT Mark in many ways, including on its website at http://italentcorp.com/.

13. The ITALENT Mark is inherently distinctive, serving to identify and indicate the source of Plaintiff's services to the consuming public, and to distinguish Plaintiff's services from those of others.

/ / /

14. As a result of the long use and promotion of the ITALENT Mark by Plaintiff, the ITALENT Mark has become distinctive to designate Plaintiff, to distinguish Plaintiff and its services from those of other businesses, and to distinguish the source or origin of Plaintiff's services. As a result of these efforts, Plaintiff has established valuable goodwill in its ITALENT Mark across the nation.

15. As a result of Plaintiff's long use and promotion of the ITALENT Mark, Plaintiff has acquired valuable nationwide common law rights in the ITALENT Mark.

16. In accordance with federal law, Plaintiff has registered the ITALENT Mark on the Principal Register of the United States Patent and Trademark Office ("PTO") for "Information technology consultation" in Class 42. *See, e.g.*, U.S. Reg. No 3,474,890. This registration issued on July 29, 2008. This registration is valid and subsisting, and is incontestable pursuant to 15 U.S.C. § 1065. A true and correct copy of this registration is attached hereto as Exhibit A.

17. In accordance with federal law, Plaintiff has applied to register the mark ITALENT for "Professional staffing and recruiting services; Recruitment and placement of personnel in the field of Information Technology" in Class 35 (Serial No. 86/464,743) ("Plaintiff's Application").

18. Defendant has opposed Plaintiff's Application in an opposition proceeding at the PTO's Trademark Trial and Appeal Board, (No. 9122206, the "Opposition").

**B.     DEFENDANT'S INFRINGING ACTIVITIES**

19. Upon information and belief, Defendant offers recruiting, staffing, and networking services, including in the information technology field.

20. Defendant promotes its services under the name and mark ITALENT in word and design form (collectively, "Defendant's Marks").

21. Defendant filed federal applications at the PTO for Defendant's Marks for "Recruitment and referral services matching innovative, technically savvy professional candidates with applicable positions in business, marketing, and information technology; Business consulting and candidate consulting to match candidates with available and developing professional positions; Professional networking and referral services for job candidates; Database services for

candidate resumes for review by recruiting businesses; Database services listing available professional positions for review and application by candidates; Resume consulting for job candidates; Technical analysis of candidates and reporting to recruiting businesses for specific, highly-skilled placement; Self-development consulting for job candidates" in class 35 (Serial Nos. 86/558,387; and 86/558,496) ("Defendant's Applications").

22. Defendant's Applications have been preliminary refused by the PTO on the grounds that (1) Plaintiff's prior-filed Application may present a bar to registration of Defendant's Marks due to a likelihood of confusion between the marks and (2) the identification of services in each application is indefinite.

23. On May 23, 2015, Defendant filed the Opposition claiming, among other things, that Plaintiff's ITALENT Mark would be likely to cause confusion with Defendant's Marks, and that Defendant has priority for the mark ITALENT in connection with recruiting services.

24. Defendant is using Defendant's Marks in commerce.

25. Defendant advertises its services offered under Defendant's Marks in many ways, including on its website at http://www.italent-llc.com/.

26. Defendant's use of Defendant's Marks began after Plaintiff first began use of the ITALENT Mark for any products or services.

27. Defendant's use of Defendant's Marks began after Plaintiff first began use of the ITALENT Mark for information technology consulting services.

28. Defendant's use of Defendant's Marks began after Plaintiff first began use of the ITALENT Mark for recruiting services.

29. Defendant's use of Defendant's Marks began after Plaintiff's ITALENT Mark was widely recognized by the general consuming public of this state (and other states), or by a geographic area of this state, as a designation of source of Plaintiff's services.

30. Defendant is not affiliated with or sponsored by Plaintiff and has not been authorized by Plaintiff to use the ITALENT Mark, or any confusingly similar mark.

/ / /

31. Plaintiff has attempted to resolve this dispute with Defendant prior to filing this lawsuit. Defendant has rejected Plaintiff's good faith efforts at settling this dispute.

**C. EFFECT OF DEFENDANT'S ACTIVITIES**

32. Defendant's unauthorized use of Defendant's Marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff.

33. Defendant's unauthorized use of Defendant's Marks falsely designates the origin of its services, and falsely and misleadingly describes and represents facts with respect to Defendant and its services.

34. Defendant's unauthorized use of Defendant's Marks enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Plaintiff over many years, and to gain acceptance for its services not solely on its own merits, but on the reputation and goodwill of Plaintiff, its ITALENT Mark, and its services.

35. Defendant has taken undue advantage of Plaintiff and its goodwill. Specifically, Defendant has taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the ITALENT Mark developed and owned by Plaintiff, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and services.

36. Defendant's unauthorized use of Defendant's Marks removes from Plaintiff the ability to control the nature and quality of services associated with the ITALENT Mark, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

37. Defendant's unauthorized use of Defendant's Marks is likely to cause dilution of Plaintiff's ITALENT Mark.

38. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

**COUNT I: FEDERAL SERVICE MARK INFRINGEMENT**

39. Plaintiff repeats the allegations above as if fully set forth herein.

40. The acts of Defendant complained of herein constitute infringement of its federally registered ITALENT Mark in violation of 15 U.S.C. § 1114(1).

41. Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the ITALENT Mark, and with intent to cause confusion and to trade on Plaintiff's goodwill in the ITALENT Mark. This case stands out from others with respect to Defendant's position on the merits considering both the governing law and the facts of this case, as well as the unreasonable manner in which Defendant has pursued this dispute. Consequently, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

**COUNT II: FEDERAL UNFAIR COMPETITION**

42. Plaintiff repeats the allegations above as if fully set forth herein.

43. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT III: UNFAIR COMPETITION UNDER CALIFORNIA LAW**

44. Plaintiff repeats the allegations above as if fully set forth herein.

45. The acts of Defendant complained of herein constitute unfair competition in violation of California Business and Professions Code § 17200.

**COUNT IV: DILUTION UNDER CALIFORNIA LAW**

46. Plaintiff repeats the allegations above as if fully set forth herein.

47. The acts of Defendant complained of herein constitute service mark dilution in violation of California Business and Professions Code § 14247.

**COUNT V: COMMON LAW INFRINGEMENT**

48. Plaintiff repeats the allegations above as if fully set forth herein.

49. The acts of Defendant complained of herein constitute service mark and trade name infringement in violation of the common law of the State of California.

## COUNT VI: DECLARATION THAT PLAINTIFF IS ENTITLED TO FEDERAL REGISTRATION OF ITS ITALENT MARK

50. Plaintiff repeats the allegations above as if fully set forth herein.

51. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Plaintiff's right to federally register its ITALENT Mark.

52. Because Plaintiff has priority in its ITALENT Mark, Plaintiff's Application should be registered under 15 U.S.C. § 1052.

## COUNT VII: REFUSAL OF REGISTRATION

53. Plaintiff repeats the allegations above as if fully set forth herein.

54. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to registration of Defendant's Marks.

55. Defendant's Marks, the subject of Defendant's Applications, so resemble Plaintiff's ITALENT Mark as to be likely to cause confusion, or to cause mistake, or to deceive. Registration should therefore be refused under 15 U.S.C. § 1052(d).

56. Pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201, Plaintiff petitions the Court to issue an order certified to the Director of the PTO refusing registration of Defendant's Applications.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a) Defendant, its agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the marks, names and/or domain names ITALENT in word or design form, italent-llc.com, and any other mark, trade name, fictitious business name, company name, domain name, or designation that is identical, confusingly similar to, or likely to cause dilution of, the ITALENT Mark, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b) Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and

1  under oath setting forth in detail the manner and form in which Defendant has complied with the
2  injunction;

3      (c)    Plaintiff recover all damages it has sustained as a result of Defendant's activities
4  and that said damages be trebled;

5      (d)    An accounting be directed to determine Defendant's profits resulting from its
6  activities complained of herein and that such profits be paid over to Plaintiff, increased as the
7  Court finds to be just under the circumstances of this case;

8      (e)    The Court determine that Plaintiff is entitled to registration of application Serial
9  No. 86/464,743, and enter an order pursuant to 15 U.S.C. § 1119, certified to the PTO, directing
10 that U.S. Application Serial No. 86/464,743 be registered on the Principal Register, and that the
11 Opposition be dismissed;

12     (f)    The Court determine that Defendant is not entitled to registration of Defendant's
13 Marks and certify an order pursuant to 15 U.S.C. § 1119 refusing registration of application Serial
14 Nos. 86/558,387 and 86/558,496 to the PTO Director, who shall make appropriate entry upon the
15 records of the PTO and shall be controlled thereby;

16     (g)    Plaintiff recover its reasonable attorney fees;

17     (h)    Plaintiff recover its costs of this action and prejudgment and post-judgment
18 interest; and

19     (i)    Plaintiff recover such other relief as the Court may deem appropriate.

20 Dated: October 7, 2015                Respectfully submitted,

22                             By:   */s/ Clark S. Stone*

23                             Sara Petersen Graves, Bar No. 226766
                            spetersengraves@be-law.com
24                             Clark S. Stone, Bar No. 202123
                            cstone@be-law.com
25                             BERGESON, LLP
                            2033 Gateway Place, Suite 300
26                             San Jose, CA  95110-3715
                            Telephone:  (408) 291-6200
27                             Facsimile:   (408) 297-6000

28

- 8 -
COMPLAINT FOR SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION UNDER FEDERAL
AND CALIFORNIA LAW, AND SERVICE MARK DILUTION UNDER CALIFORNIA LAW
Case No.:

Wendy C. Larson, Bar No. 235037
wlarson@pirkeybarber.com
Alexandra H. Bistline (*pro hac admission pending*)
abistline@pirkeybarber.com
PIRKEY BARBER LLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
Telephone: (512) 322-5200
Facsimile: (512) 322-5201

Attorneys for Plaintiff
ITALENT CORPORATION

- 9 -
COMPLAINT FOR SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION UNDER FEDERAL
AND CALIFORNIA LAW, AND SERVICE MARK DILUTION UNDER CALIFORNIA LAW
Case No.:

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 3-6(a) of the Local Rules of the United States District Court for the Northern District of California, plaintiff iTalent Corporation demands a trial by jury of this action.

Dated: October 7, 2015              Respectfully submitted,


By:   */s/ Clark S. Stone*

Sara Petersen Graves, Bar No. 226766
spetersengraves@be-law.com
Clark S. Stone, Bar No. 202123
cstone@be-law.com
BERGESON, LLP
2033 Gateway Place, Suite 300
San Jose, CA  95110-3715
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Wendy C. Larson, Bar No. 235037
wlarson@pirkeybarber.com
Alexandra H. Bistline (*pro hac admission pending*)
abistline@pirkeybarber.com
PIRKEY BARBER LLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
Telephone: (512) 322-5200
Facsimile:  (512) 322-5201

Attorneys for Plaintiff
ITALENT CORPORATION